UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-00724-MR

| | |
|---|---|
| NEAL POWELL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | **ON INITIAL REVIEW** |
| C.A.T.S., et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 4, 7].

**I.     BACKGROUND**

On September 19, 2025, pro se Plaintiff Neal Powell, Jr., ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 against Defendants C.A.T.S.,[1] "6 Unknown C.A.T.S. Security," and "1 unknown C.M.P.D. Officer." [Doc. 1]. Plaintiff sues Defendants in their official capacities only. [Id. at 1, 6]. Plaintiff alleges as follows:

> On or about November 15th 2024 I, Neal Powell Jr, entered Cats Train at New Bern with 2 white

---
[1] From context, it appears that Plaintiff intends to sue the Charlotte Area Transit System ("CATS").

> elderly heading south.
>
> I was stopped from seating and told to exit if I did not have fare. I provided proof after I sat down, and the the officer stated I was good. I responded not til you one of the others ticket that entered train with me. The officer requested me to exit at Scaleybark.
>
> As I began to leave I decided to stop and surrendered myself for arrest placing both hands together in front of me. All the security officers and CMPD officer charged toward me intentionally ramming my head and back into a concrete pillar in a seated position with the weight of all officers causing my intestines to pop into my testicles. Then 2 of the security picked up my entire body vertically 1 to 2 feet off the ground, held me up for seconds then slammed me on my face and stomach before placing handcuffs on me. The other officers had to restraint the 2.

[Id. at 3-5 (errors uncorrected)].

Plaintiff alleges having suffered significant worsening of his inguinal hernia as a result of Defendants' alleged conduct. [Id. at 5]. Plaintiff claims Defendants violated his rights under the First and Eighth Amendments. [Id. at 2]. Plaintiff seeks monetary relief only. [Id. at 6].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be

2

granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States,

and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff fails to allege that the unidentified individual Defendants are state actors. As such, he has failed to state a claim against them under § 1983 and the Court will dismiss these Defendants.  Moreover, there is a significant question as to whether the unnamed CATS security officers are state actors, in any event.

To the extent Defendants are state officials, Plaintiff purports to sue them in their official capacities only.  However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989).  Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, Plaintiff has failed to state a claim against the individual Defendants, whom he sues in their

4

official capacities only. These Defendants, therefore, would also be subject to dismissal on this ground.

Plaintiff has also failed to state a claim against Defendant CATS. To the extent this entity may be subject to liability under § 1983, Plaintiff has alleged no facts supporting a claim against it. That is, Plaintiff has not alleged facts showing that an official CATS' policy or custom was the "moving force" behind the alleged constitutional violation. Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). The Court, therefore, will dismiss Defendant CATS.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

The Plaintiff is admonished, however, that if he amends his Complaint, he must individually name each "unknown" Defendant as Doe Defendant 1, Doe Defendant 2, and so on, and allege facts against each Defendant showing that he or she acted personally in the deprivation of his rights. Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: November 17, 2025

Martin Reidinger
Chief United States District Judge

7

Case 3:25-cv-00724-MR   Document 9   Filed 11/17/25   Page 7 of 7